UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

**DECISION AND ORDER**
15-CR-149-A

FRANK R. PARLATO, JR.,

Defendant.

---

Before the Court is Defendant Frank R. Parlato's Motion for Disclosure ("Motion") [Dkt. No. 383], which seeks an Order directing disclosure of grand jury witness, Clare Bronfman's grand jury testimony transcript, taken on or about June 23, 2011, to Parlato's counsel for use in a judicial civil proceeding currently pending in New York State Supreme Court, Niagara County. The government does not object to the limited unsealing and disclosure of such excerpt of the witness's grand jury testimony, which has been available on the public docket since 2017,[1] but the government does object to the unsealing or disclosure of any grand jury testimony beyond the foregoing. [Dkt. No. 388, 389].[2]   For the reasons which follow, to the extent that the Motion seeks the unsealing and disclosure of the excerpt of Ms.

---

[1] The portion of the testimony that the government does not oppose being unsealed and provided to defendant is that set forth in Dkt. No. 54, pp. 6-7 (filed under seal).  *See also*, Dkt. No. 83, pp. 7-8.  According to the sealed document, the testimony to which the government does not object is contained at pp. 25-26 of the transcript of Ms. Bronfman's June 23, 2011, testimony before a federal grand jury here in the Western District of New York.

[2] Dkt. No. 389 has been filed under seal.  Aside from one redacted sentence contained in a footnote 2 of Dkt. No. 389, the filing is identical to Dkt. No. 388.

1

Bronfman's which has previously publicly filed on the docket in this case, together with: the cover page of such grand jury testimony, the transcription of Clare Bronfman's oath; and court reporter's certification, such Motion is **GRANTED.** To the extent that the Motion seeks the unsealing and disclosure of anything beyond the foregoing, including the remainder of Ms. Bronfman's testimony before the grand jury, such motion is **DENIED**.

## **DISCUSSION**

Under Federal Rule of Criminal Procedure 6(e)(3)(E)(i), "[t]he Court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter ... preliminarily to or in connection with a judicial proceeding...." When considering a request to disclose grand jury materials, the Second Circuit has observed there is a presumption against disclosure of grand jury proceedings, and the trial court has broad discretion to decide whether disclosure is appropriate. *In re Petition of Craig*, 131 F.3d 99, 104 (2d Cir.1997). The Courts have consistently required "a strong showing of particularized need for grand jury materials before any disclosure will be permitted." *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 443 (1983)(collecting cases). The Court described the standard in detail in *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 222-223 (1979)(citations omitted):

> Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed....

> It is clear from *Procter & Gamble* and *Dennis* that disclosure is appropriate only in those cases where the need for it outweighs the public interest in secrecy, and that the burden of demonstrating this balance rests upon the private party seeking disclosure. It is equally clear that as the considerations justifying secrecy become less relevant, a party asserting a need for grand jury transcripts will have a lesser burden in showing justification. In sum, ... the court's duty in a case of this kind is to weigh carefully the competing interests in light of the relevant circumstances and the standards announced by this Court. And if disclosure is ordered, the court may include protective limitations on the use of the disclosed material ...."

Courts have distilled this three-factor test into a requirement that the person seeking disclosure of grand jury minutes show a "particularized need" for those minutes. *See, e.g., Fox v. County of Yates*, 657 Fed.Appx. 60, 63 (2d Cir. 2016) (summary order); *Mateo v. City of New York*, 2016 WL 3545944, at *1 (S.D.N.Y. June 17, 2016); *Alvarado v. City of New York*, 2006 WL 2252511, at *2 (E.D.N.Y. Aug. 5, 2006). Courts have also recognized that "[t]he showing required is substantial." *Alvarado*, 2006 WL 2252511, at *2.

The "possible injustice" Parlato seeks to avoid by making use of these minutes is to prevent an injustice in Niagara County Court. (Dkt. No. 383-8, p.12). With respect to the excerpted potion of Ms. Bronfman's testimony, the government concedes, and the Court agrees, that the petitioner has established a "particularized need," "because that portion of Ms. Bronfman's grand jury testimony may be used to impeach Ms. Bronfman, to refresh her recollection, or to test her credibility." Dkt. No. 388, p.4 (citations and quotations omitted). Further, because the excerpt of Ms. Bronfman's grand jury testimony has been available on the public docket for over six years, the government also acknowledges that there is a diminished need for continuing secrecy

as to that excerpt. *Id*. Consequently, the "government has…provided petitioner with a transcript of Ms. Bronfman's 2011 grand jury testimony that redacts all material except for (1) the cover page; (2) the transcription of Ms. Bronfman's oath; (3) the relevant lines of Ms. Bronfman's testimony; and (4) the court reporter's certification." *Id*. Consequently, to the extent—and only to the extent—that Parlato seeks the unsealing and disclosure of the material mentioned in the preceding sentence, his motion is **GRANTED**.

Beyond the foregoing, however, it is not enough to assert that grand jury testimony might theoretically be used to impeach a witness or refresh the witness's recollection. Rather, "the requesting party must demonstrate some specific respect in which the grand jury testimony likely contradicts trial evidence or supplies material information that is otherwise lacking." *Rechtschaffer v. City of New York*, 2009 WL 773351, at *4 (S.D.N.Y. Mar. 18, 2009). Here, Parlato does not provide a reason why it should be assumed that the remainder of Ms. Bronfman's grand jury testimony will be inconsistent with the witness's testimony at trial; nor does he show that any witness's recollection will need to be refreshed. Absent such a showing, Parlato has failed to establish a particularized need for the remainder of her testimony.

In comparing Parlato's interest in disclosure with the public's interest in secrecy, the Court observes that since the 17th century, grand jury proceedings have been closed to the public, and records of such proceedings have been kept from the public eye." *Douglas Oil Co.*, 441 U.S. at 218 n.9 (citation omitted). "This time-honored policy of secrecy has been the most essential, indeed indispensable, characteristic of grand jury proceedings." *In re Grand Jury Investigation of Cuisinarts, Inc.*, 665 F.2d 24, 28

(2d Cir. 1981). "The grand jury as a public institution serving the community might suffer if those testifying today knew that the secrecy of their testimony would be lifted tomorrow." *Procter & Gamble Co.*, 356 U.S. at 682. There are many interests that underlie the rules regarding grand jury secrecy, including the need "to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes." *Douglas Oil Co.*, 441 U.S. at 219 n.10 (citations omitted). This consideration weighs heavily in favor of keeping the remainder of the requested testimony secret.

Beyond Parlato's showing of a "particularized need" as set forth above, he has failed to demonstrate why the entirety of the grand jury testimony should be unsealed and, therefore, the remainder of his Motion is **DENIED**.

### CONCLUSION

For the reasons stated above, to the extent that the Motion seeks the unsealing and disclosure of the excerpt of Ms. Bronfman's which has previously publicly filed on the docket in this case, along with the following: the cover page, the transcription of the oath; and court reporter's certification, such Motion is **GRANTED.** To the extent that the Motion seeks the unsealing and disclosure of anything beyond the foregoing,

5

including the remainder of Ms. Bronfman's testimony before the grand jury, such

motion is **DENIED**.


    **IT IS SO ORDERED**.

$\qquad$ *S/Richard J. Arcara*

HONORABLE RICHARD J.  ARCARA
SENIOR U.S. DISTRICT JUDGE


Dated:  March 25, 2024
        Buffalo, New York.